NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0401n.06

No. 22-1050

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff-Appellee, | ) ) | |
| v. | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
| KOREY HAWORTH, | ) ) | |
|     Defendant-Appellant. | ) ) | OPINION |

Before: SUTTON, Chief Judge; BOGGS and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Korey Haworth conditionally pled guilty to possessing methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). He now argues that the police illegally searched his vehicle and that the district court should have suppressed the evidence they obtained as a result. We reject his arguments, and affirm.

In August 2020, an employee of the Lansing Comfort Inn found a baggie of suspected methamphetamine in a hotel room and called 911. She reported that Haworth had stayed in that room for the past three days and had just checked out. She also said he looked "kind of out of it." Shortly thereafter, Deputy C.J. Cunningham of the Eaton County Sheriff's Department arrived to find Haworth and his three children in a parked car. Haworth—who was holding two phones and sweating profusely—provided a false name and denied being on probation for any prior drug offenses. Cunningham promptly accessed a database that showed Haworth had recently been released on probation for a prior drug offense. Cunningham then arrested him for obstruction.

After the arrest, Cunningham went to speak with the hotel staff. Meanwhile, Deputy John Davidson arrived at the scene and waited outside the car with Haworth's children. The eldest, a six-year old boy, said that his dad had "left his scale." Davidson saw a digital scale in plain view on the passenger seat, and asked what it was for; the boy said his dad hid it from them and used it for "secret stuff." Davidson relayed this information to Cunningham, and the two officers considered whether they had probable cause to search the vehicle. They worried they might not, and chose to impound the car and perform an inventory search instead. That search revealed multiple bags of drugs and a loaded pistol.

The government thereafter charged Haworth with possession of methamphetamine with intent to distribute. Haworth moved to suppress the evidence found during the search. The district court held an evidentiary hearing at which Deputy Davidson testified. There, it ruled that the search was lawful under the automobile exception to the warrant requirement, and denied Haworth's motion. Haworth then pled guilty, reserving the right to file this appeal.

We review de novo the district court's denial of the motion to suppress. *United States v. Calazo*, 818 F.3d 247, 253 (6th Cir. 2016). Haworth argues only that the search of his vehicle was unlawful because the officers lacked a warrant. Warrantless searches of vehicles "are *per se* unreasonable under the Fourth Amendment" unless a "specifically established" exception applies. *Arizona v. Gant*, 556 U.S. 332, 338 (2009). The question, then, is whether such an exception applies here.

As an initial matter, we agree with Haworth that the exception for inventory searches does not apply. Officers may not conduct an inventory search "for purposes of investigation"—as the officers likely did here. *United States v. Snoddy*, 976 F.3d 630, 634 (6th Cir. 2020).

What does apply here, however, is the automobile exception. Under that exception, officers may "search a vehicle without a warrant if they have probable cause to believe that the vehicle contains evidence of a crime." *Taylor v. City of Saginaw*, 922 F.3d 328, 334 (6th Cir. 2019) (cleaned up). Probable cause exists when there is "a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Smith*, 510 F.3d 631, 650 (6th Cir. 2007) (internal quotation marks omitted).

Here, Haworth himself concedes that hotel staff had found what appeared to be methamphetamine in his room; that he was holding two phones when the police arrived; that he lied to Deputy Cunningham about his name; and that his car contained a digital scale. Digital scales are familiar "tools of the [drug] trade," *United States v. Bell*, 766 F.3d 634, 637 (6th Cir. 2014); and Haworth's son gave the officers reason to believe that this one was indeed used for drugs. The officers also knew that Haworth had lied to them about having recently been convicted of another meth-related charge. *See United States v. Wagers*, 452 F.3d 534, 541 (6th Cir. 2006). Taken together, these facts established a "fair probability" that the car would contain evidence of drug trafficking. *Bell*, 766 F.3d at 637; *Wagers*, 452 F.3d at 541; *United States v. Lyons*, 687 F.3d 754, 770 (6th Cir. 2012). Probable cause requires nothing more. *See Kaley v. United States*, 571 U.S. 320, 338 (2014). That the deputies thought they lacked probable cause is irrelevant; the analysis is objective. *District of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018). The search was therefore lawful under the automobile exception, and the district court correctly denied Haworth's motion.

The district court's judgment is affirmed.